UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROGER F. EVANS,

        Petitioner,

v.-                                                   Case No. 5:18-cv-121-Oc-10PRL

WARDEN, FCC COLEMAN - LOW,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, a federal prisoner proceeding *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges disciplinary proceedings which resulted in the loss of good conduct time, disciplinary segregation, a fine and privileges. Petitioner contends that his due process rights were violated and he is entitled to habeas relief. Respondent filed an Amended Response in opposition (Doc. 8) and Petitioner has filed his Reply. (Doc. 9).

By Order dated September 27, 2018, the matter was referred to the United States Magistrate Judge to conduct any and all proceedings he deemed necessary for the issuance of a report and recommendation. (Doc. 13). The United States Magistrate has since entered an order recommending that the Petition be denied. (Doc. 13). Petitioner has filed his "Motion in Opposition to Court's Report and Recommendation, Motion for Reconsideration, and Motion for an Evidentiary Hearing," which is construed as his objections to the Magistrate Judge's Order. (Doc. 14).

After an independent *de novo* review of the record in this matter, including Petitioner's objections, the Court agrees that Petitioner is not entitled to habeas relief.

1

Petitioner was sanctioned at a federal prison after disciplinary proceedings. Petitioner was initially accused of possession of a hazardous tool, and giving or receiving a thing of value without authorization. The unit discipline committee referred the matter to the discipline hearing officer, but after a review, the officer remanded to the reporting staff member to clarify the facts of the incident. The amended report charged Petitioner with use of mail for an illegal purpose and accepting a thing of value without authorization. The report also changed the date of the incident.

The unit discipline committee referred the matter to the hearing officer, and a hearing was conducted on April 12, 2017. Petitioner waived his right to a staff representative and denied the charges. The hearing officer found that the greater weight of the evidence supported the allegations.

In the habeas petition, Petitioner's argues that his due process rights were violated throughout the disciplinary process, he was placed in the Special Housing Unit (SHU) without the requisite notice, and there was insufficient evidence to support the result of the hearing. (Doc. 1). Petitioner states that the "unit team" untimely decided the case; the amended charge was issued in violation of procedure; he was unaware of the new charges; he did not have an opportunity to prepare a defense; and the incident report was 37 days late.

The Magistrate Judge disagreed with Petitioner's arguments finding that even if the earlier hearing that resulted only in a referral for further investigation was treated as the relevant hearing for notice purposes, Petitioner received the new incident report more than 12 days before the hearing, which is far more notice than is required under <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). (Doc. 13). Further, the Magistrate Judge

found that the evidence contradicted Petitioner's assertion that he was unaware of the charges in the second incident report. Id. Alternatively, the Magistrate Judge found that if the second report was not timely provided to Petitioner, the first incident report provided sufficient notice of the allegations against him. Id., citing Santiago-Lugo v. Warden, 785 F.3d 467, 476 (11th Cir. 2015). Finally, the report provides that Petitioner was provided with a written explanation of the hearing officer's decision and the evidence it was based on; was given the opportunity to be represented by staff, which he declined; and there was at least some evidence of the charged violations.

Petitioner objects to the recommendation arguing that: (1) he was deprived of his right to present evidence and witnesses and to have a staff representative; (2) there was insufficient and unreliable evidence of misconduct; (3) he was given inadequate notice of the charges; and (4) his detention order to the Special Housing Unit (SHU) was "fraudulent." (Doc. 14).

Petitioner's objections are without merit and are overruled. Petitioner received the due process he was entitled to during the disciplinary proceedings. The evidence was also sufficient to support the DHO's findings and the imposed sanctions based on the record. The Court notes that Petitioner's argument regarding confinement in the SHU does not appear to be addressed in the report and recommendation.[1] Specifically, Petitioner argued in the Petition that his due process rights were violated because he was placed in the SHU without "notice or advisement." (Doc. 1). He asserts in his objections that due process requires that prison officials give an accused inmate an administrative detention order within 24 hours of being confined in the SHU. (Doc. 14).

---

[1] Petitioner states that on December 12, 2016, he was "confined in the SHU at Loretto's facility under initial SIS's investigation." (Doc. 14).

Petitioner states that his confinement started on December 12, 2016,[2] but he did not receive the first order until February. Petitioner also argues that the order contained "falsified" information and was "fraudulent."

Petitioner is not entitled to habeas relief on this claim. The petition for writ of habeas corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.' " Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487(1973)). In contrast, a civil rights complaint is the appropriate avenue for relief for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 499; see also Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Assuming Petitioner was placed in the SHU and did not receive an adequate "administrative detention order," the disciplinary confinement did not result in the loss of any good conduct time or otherwise alter the length of confinement. Accordingly, this notice claim is not cognizable in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Finally, the Court is not persuaded that the detention order was fraudulent.

Upon an independent *de novo* examination of the file and upon due consideration, it is **ORDERED and ADJUDGED** that:

    (1)    Plaintiff's Objections to the Report and Recommendation are **OVERRULED** and his request for reconsideration and an evidentiary hearing (Doc. 14) is **DENIED**.

---

[2] December 1, 2016, was the date of the incident leading to the charges according to the second incident report. (Doc. 1).

    **(2)**    The United States Magistrate Judge's Report and Recommendation (Doc. 14) is **ADOPTED, CONFIRMED, AND MADE A PART HEREOF;**

    (3)    The Clerk is directed to enter judgment dismissing the petition with prejudice, terminate any pending motions and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 21st day of November, 2018.

_[signature]_

UNITED STATES DISTRICT JUDGE